## Daniel Emerick's Estate.   Samuel A. Martin's Appeal.

*Decedents' estates—Lien of decedent's debts—Act of February* 24, 1834.

Argued April 23, 1895.   Appeal, No. 3, Jan. T., 1895, by Samuel A. Martin, trustee appointed by the court to make sale of the real estate of decedent, from order of O. C. Centre County, dismissing exceptions to auditor's report.   Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to the report of WILLIAM BRYSON, Esq., auditor.

The facts appear in Emerick's Estate, the next preceding case, and in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.   The 4th assignment was in not sustaining the 8th and 10th exceptions to the auditor's report which are as follows:

8. Because the auditor erred in not allowing the claims of John A. Swartz, David Dunkle, Lyman G. Emerick, J. H. Huston and others, " meritorious claims," which had been presented before him, and should be paid.

10. Because the auditor erred in not finding as a fact that the claims of John A. Swartz and David Dunkle had been paid by the accountant before the second sale of the real estate, and in part, at least, with the funds arising from the first sale.

And in not ordering that the claims of David Dunkle and John A. Swartz should be paid out of the fund for distribution.

*Ellis L. Orvis, Calvin M. Bower* with him, for appellant.

*C. G. Furst, S. D. Furst* and *W. F. Reeder* with him, for appellees.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 6, 1896:

This appeal is from the decree that has been considered and affirmed in an opinion just filed in Emerick's Estate, supra, 191, No. 2, of January term, 1895.

We find nothing in the record that would justify us in sus-

taining any of appellant's assignments of error; nor do we think that either of them requires discussion. The rejected claims were not liens on the land when the same was sold. The claims of David Dunkle and John A. Swartz, referred to in the fourth specification, were based on notes of the intestate which were barred by the statute of limitations. The Dunkle note is dated March 31, 1882, and the Swartz note May 12, 1880, both payable one day after date. Nothing appears to have been done whereby the lien of either was extended beyond the period of five years from the decease of the maker. Neither of the specifications is sustained.

Decree affirmed and appeal dismissed with costs to be paid by the appellant.